UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH GAUDET | CIVIL ACTION |
| VERSUS | NO. 09-6140 |
| BOLLINGER SHIPYARDS | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## HEARING AND ORDER ON MOTIONS

Oral argument was conducted before me today regarding two pending motions. Participating were J. Courtney Wilson, representing plaintiff, Elizabeth Gaudet; and Robert S. Reich and Leah R. Rhodes, representing defendant, Bollinger Shipyards ("Bollinger").

Defendant filed a "Motion for Summary Judgment Against Elizabeth Gaudet." Record Doc. No. 14. Gaudet filed a timely opposition memorandum. Record Doc. No. 22. One day later, she moved for and received leave to file her exhibits and a signature page to her previously submitted declaration under penalty of perjury. Record Doc. Nos. 23, 24.

Bollinger then filed a "Motion to Strike Plaintiff's 'Statement of Controverting Facts in the Form of Plaintiff's Declaration' and Exhibits to Opposition to Motion for Summary Judgment." Record Doc. No. 30. Gaudet filed a timely memorandum in

MJSTAR: 0:25

opposition. Record Doc. No. 31. Defendant received leave to file a reply memorandum. Record Doc. Nos. 32, 33, 34.

Having considered the complaint, the record, the submissions of the parties, the oral arguments of counsel and the applicable law, IT IS ORDERED that both motions are DENIED for the following reasons.

As to defendant's motion to strike plaintiff's declaration, Record Doc. No. 30, I find that Gaudet's subsequently filed signature page cured the defect in her declaration under penalty of perjury. The signature page, Record Doc. No. 23-5, combined with Gaudet's averments in the introductory paragraph of her "Statement of Controverting Facts in the Form of Plaintiff's Declaration," Record Doc. No. 22-1, at p. 1, fulfill the requirements of 28 U.S.C. § 1746.

Furthermore, I overrule Bollinger's hearsay objections to Gaudet's recitations in paragraphs 2, 5, 9, 12, 13, 16, 17, 19, 20 and 23 of her declaration under penalty of perjury of comments that were made to her by defendant's employees. It appears that the recited statements were made by defendant's agents or servants concerning matters within the scope of their employment during the employment relationship. Therefore, the statements are not hearsay. Fed. R. Civ. P. 801(d)(2); Corley v. Burger King Corp., 56 F.3d 709, 710 (5th Cir. 1995).

The remainder of defendant's hearsay objections, if any, are so vague that I must find on the current record that they lack substance and cannot be addressed further. Accordingly, defendant's Motion to Strike Plaintiff's "Statement of Controverting Facts in the Form of Plaintiff's Declaration" and Exhibits is DENIED.

As to defendant's motion for summary judgment, I note some problems with the exhibits submitted by both parties in connection with the motion. First, the copy of a medical record submitted by Bollinger in support of its motion, Record Doc. No. 14-6, Defendant's Exh. C, and the copies of medical records and cell phone records submitted by Gaudet in opposition to defendant's motion, Record Doc. Nos. 23-6, 23-7, are not sworn or certified as required by Fed. R. Civ. P. 56(e)(1).

Second, it appears that the copies of the medical and cell phone records submitted by plaintiff include added handwritten notations, such as dates, circles and brackets. Such alterations, which may have been made in a contrasting ink color on the original copy, become indistinguishable from the original content when copies of the documents are filed electronically, especially if the original was also handwritten, as the medical records are, because everything in the filed documents appears in the record in the same black text color. See Record Doc. No. 23-6 at p. 4; Record Doc. No. 23-7 at pp. 1-7. I discourage the submission of note-laden or altered documents as evidence. Accordingly, I have not considered Record Doc. No. 14-6, Defendant's Exh. C, or the

copies of medical records and cell phone records submitted by Gaudet, Record Doc. Nos. 23-6, 23-7, in ruling on defendant's motion for summary judgment.

I also note that Bollinger's motion purports to seek summary judgment on <u>both</u> of plaintiff's claims in this case, but the motion fails to address any of the facts underlying Gaudet's claim of retaliatory <u>harassment</u>. Thus, I treat the motion as one for partial summary judgment on plaintiff's retaliatory <u>discharge</u> claim only. I express no opinion whether Gaudet's retaliatory harassment claim meets the standards for such a claim, as set forth in <u>Donaldson v. CDB Inc.</u>, 335 Fed. Appx. 494, 2009 WL 1916466 (5th Cir. July 6, 2009) (citing <u>Burlington No. & Santa Fe Ry. v. White</u>, 548 U.S. 53 (2006)).

As to defendant's motion for partial summary judgment on plaintiff's claim of retaliatory discharge, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. <u>Capitol Indem. Corp. v. United States</u>, 452 F.3d 428, 430 (5th Cir. 2006) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. Id. (citing Celotex, 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430. "Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005).

> The substantive law dictates which facts are material. A plaintiff establishes a prima facie case for unlawful retaliation under 42 U.S.C. § 2000e-3(a) by proving: (1) that he or she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal connection exists between the protected activity and the adverse employment action.

Williams v. Racetrac Petroleum, Inc., No. 09-141-SCR, 2010 WL 2035728, at *2 (M.D. La. May 20, 2010) (Riedlinger, M.J.) (citing Lemaire v. Louisiana Dep't of Transp. &

5

Dev., 480 F.3d 383, 388 (5th Cir. 2007); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001)).[1] The requirement of establishing a prima facie case of retaliation is not onerous. Manning v. Chevron Chem. Co., 332 F.3d 874, 883 n.6 (5th Cir. 2003).

Bollinger first contends that Gaudet cannot produce evidence to establish the causation element of her prima facie case of retaliatory discharge. Concerning that third element, Bollinger relies on outdated case law and argues, incorrectly, that Gaudet must prove that the adverse employment action would not have occurred "but for" the protected activity.

Just one month ago, Magistrate Judge Riedlinger reviewed the most recent case law from the Fifth Circuit concerning retaliation and accurately stated that

> [t]he causal link required by the third prong of the prima facie case <u>does not have to meet a "but for" standard</u>. A plaintiff does <u>not</u> have to prove that his protected activity was the sole factor motivating the employer's challenged actions in order to establish the causal link element of a prima facie case.
>     . . . .
>     Prior to Smith [v. Xerox Corp., 602 F.3d 320 (5th Cir. 2010)], the Fifth Circuit had stated that for a plaintiff to prevail on a Title VII retaliation claim, the plaintiff had to prove that the adverse employment action would not have occurred <u>but for</u> the protected activity. Stated another way, "[w]hether or not there were other reasons for the employer's actions, the employee will prevail only by proving that 'but for' the protected activity she would not have been subjected to the action of which

---

[1] Plaintiff's attorney in Williams was the same attorney who represents Gaudet in the instant case.

> she claims." It is now apparent from the Fifth Circuit's analysis in Smith that a <u>plaintiff may also satisfy the burden of proving retaliation by demonstrating that unlawful retaliation was a motivating factor</u> in the employer's adverse employment decision.
>
> Therefore, to withstand summary judgment, Title VII requires that the plaintiff, using direct or circumstantial evidence, present sufficient evidence for a reasonable jury to conclude that retaliation was <u>a motivating factor</u> for the defendant's employment action.

Id. at *3 (citing Smith v. Xerox Corp., 602 F.3d 320 (5th Cir. 2010) (internally citing Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343 (2009); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003)); Strong v. University Health Care Sys., L.L.C., 482 F.3d 802, 806 (5th Cir. 2007); Septimus v. University of Houston, 399 F.3d 601, 608-09 (5th Cir. 2005); Roberson v. Alltel Info. Servs., 373 F.3d 647, 652 (5th Cir. 2004); Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002); Vadie v. Mississippi State Univ., 218 F.3d 365, 374 (5th Cir. 2000)) (quoting Jack v. Texaco Research Ctr., 743 F.2d 1129, 1131 (5th Cir. 1984)) (emphasis added).

If the court finds that plaintiff can establish a prima facie case of retaliation, Bollinger argues alternatively that she cannot produce evidence to rebut its legitimate, non-retaliatory reason for terminating her employment. "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility

assessment." McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007) (citations omitted).

Bollinger has submitted the affidavit of its Director of Human Resources, J. Ray Barker, and certified copies of several exhibits, including defendant's Absence Policy. Defendant's Exh. B, affidavit of J. Ray Barker. The absence policy allows employees to accumulate, without penalty, six absence points within any six-month period. Pursuant to the policy, an employee is charged 1 point for an absence of more than four hours without prior notification to defendant and is charged 1/2 point for an absence or tardiness of less than four hours without prior notification. The policy states that any employee who accumulates seven absence points within any six-month period will be considered to have resigned voluntarily. Record Doc. No. 14-5, Defendant's Exh. B-2, "BLN Absence Policy."

Barker states that Gaudet "was absent from work without providing notice as required under the absence policy on" seven dates and she "was tardy or left early from work without providing notice as required under the absence policy on" two additional dates, all between April 2 and August 18, 2008. He avers that Gaudet accumulated enough absentee points during that time period to result in her termination for excessive absenteeism. Defendant's Exh. B, Barker affidavit at ¶¶ 6-8. Attached to Barker's affidavit is the Absence Policy Notification to plaintiff dated August 18, 2008, which

listed the relevant absences and tardiness events and which notified her that Bollinger had terminated her employment. Record Doc. No. 14-5, Defendant's Exh. B-4.

Assuming without deciding that Gaudet can make out a prima facie case of retaliatory discharge, Bollinger has met its burden to produce evidence of a legitimate, non-retaliatory reason for terminating Gaudet's employment. The burden then shifts to plaintiff to produce evidence to create a material fact issue that Bollinger retaliated against her "because . . . she engaged in protected activity." Williams, 2010 WL 2035728, at *3.

Plaintiff's summary judgment evidence is confusingly presented. Nonetheless, when all factual disputes are construed in the light most favorable to her, I find that Gaudet's competent summary judgment evidence is sufficient to raise genuine issues of disputed material fact that preclude summary judgment on her retaliatory discharge claim. Fed. R. Civ. P. 56(c). Those issues include, but are not limited to, whether plaintiff gave advance notice, as required by defendant's absence policy, of her absences or tardiness [on April 2, August 15, and August 18, 2008]; whether Bollinger's employees, including supervisory employees, told her that any of her absences without prior notification would be excused if she submitted medical or other excuses after the date of the absence; whether statements by plaintiff's supervisors altered, or plaintiff reasonably believed that they altered, the terms of Bollinger's written absence policy;

9

whether she had accumulated enough absence points as of August 18, 2008 to have her employment terminated under defendant's absence policy; whether a reasonable factfinder could find that Bollinger's failure to provide plaintiff with written notice when she had accumulated four absence points, in contravention of defendant's written policy, gives rise to an inference of retaliation when it terminated her for having accumulated seven absence points; whether Gaudet's supervisor, Nathan Orgeron, told her on the day of her termination: "See, I told you [that] you should have kept your mouth closed;" and whether a reasonable factfinder could find that Orgeron's statement, alone or in combination with plaintiff's other evidence, gives rise to an inference of retaliation.

Under these disputed factual circumstances, I cannot grant summary judgment on Gaudet's retaliatory discharge claim. A jury trial on both of plaintiff's claims remains set to begin on September 13, 2010, with a final pretrial conference set on August 31, 2010.

New Orleans, Louisiana, this \_\_\_23rd\_\_\_ day of June, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE